158 So. 775

## SETTLE v. STATE.
### 1 Div. 171.

Court of Appeals of Alabama.
Jan. 15, 1935.

C. L. Hybart, of Monroeville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, Judge.

It appears without dispute that the People's Exchange Bank, Beatrice, Ala., was "bur-

glarized"—to so term it—in the latter part of June, 1933 (Code 1923, § 3479).

Appellant, an unemployed, or intermittently employed, "steel car builder and structural iron worker," residing in Birmingham, Ala., some two hundred miles from the scene of the crime, was convicted of or for the offense, and his punishment fixed at imprisonment in the penitentiary for an indeterminate term of from ten to thirteen years.

The evidence connecting him with the burglary was entirely circumstantial, consisting mainly, but not wholly, of the finding within the bank building, on the morning after the night of the burglary,—and apparently used in the furtherance of the burglary—of a certain oxygen tank and a certain acetylene tank, shown to have been recently theretofore in the possession of appellant.

His said possession was not denied by him; but he undertook to explain his severance of such by testifying that he went—carrying said tanks—at night, some twenty miles out from Birmingham, with a man whose name he did not know, to "weld a still" (meaning, as we understand the testimony, an illicit whisky still); and that upon reaching their destination the man left him waiting, with his tanks, while the said man returned or went, to some place for a "torch." That the man never returned to where appellant was left waiting; and that, after a time, he, though suffering from a grievous physical affliction, threw some leaves over the tanks and returned—walking, "hitch-hiking," and by street car—to his home in Birmingham. That he never saw the tanks again until the day of the trial.

The jury rejected his story, and found him guilty. After careful study of the evidence, we are persuaded, and hold, that they were fully warranted in so doing.

The appeal is submitted without briefs, either on behalf of the state, or the appellant.

We have undertaken to perform our duty as prescribed by Code 1923, § 3258. And we observe no prejudicially erroneous ruling to have been made the subject of an exception on the trial.

Neither do we observe any error of prejudice to appellant's rights to have occurred anywhere in the proceedings leading to his conviction.

The judgment from which the appeal is taken is affirmed.

Affirmed.