COMMONWEALTH *vs.* JAMES A. RONCHETTI
(and a companion case against the same defendant).

Middlesex.     May 3, 1955. — July 13, 1955.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Breaking and Entering. Larceny. Intent. Practice, Criminal,* New trial,
   Trial of cases together.

At the trial of an indictment charging that the defendant broke and
   entered a dwelling in the nighttime with intent to commit larceny
   therein, evidence that he forcibly entered the dwelling during the night
   warranted a finding of guilty although there was also evidence that he
   assaulted a woman whom he found asleep therein; the evidence of the
   assault did not require a finding that he entered the dwelling with
   intent to make an assault nor preclude the inference, ordinarily to be
   drawn from the circumstances of his entry, that he entered with
   intent to steal.  [81–82]
Proof that a defendant broke and entered a dwelling house in the night-
   time warranted a finding that he intended to commit a felonious
   larceny therein.  [82]
At the trial together of two indictments, a finding of guilty on one of
   them charging that the defendant broke and entered a dwelling in
   the nighttime with intent to commit larceny therein and assaulted
   a woman therein was not inconsistent with a simultaneous finding of
   not guilty on the other indictment charging that he assaulted the
   woman with intent to commit rape upon her.  [82–83]
At the hearing of a motion for a new trial in a criminal case based on
   the ground of alleged newly discovered evidence shown by affidavits,
   there was no error in the denial of a request for a ruling that
   such evidence, if believed, required the granting of a new trial: the
   judge was not compelled to find that such evidence was newly dis-
   covered.  [83]

INDICTMENTS, found and returned on February 3, 1953.

The cases were heard without jury by *Kirk,* J.

In this court the cases were submitted on briefs.

*Stephen C. Struffolino & John F. Cremens,* for the defendant.

*George E. Thompson,* District Attorney, *Lyman C. Sprague & John P. Forte,* Assistant District Attorneys, for the Commonwealth.

WILLIAMS, J.   These are two indictments which were tried together before a judge of the Superior Court sitting without jury.   In the first indictment, numbered 42953, the defendant was charged with assault on Dorothy Albanez on December 20, 1952, at Cambridge with intent to commit rape upon her.   In count 2 of the second indictment, numbered 42954, he was charged with breaking and entering in the nighttime "the dwelling house of Dorothy Albanez situated in said Cambridge with intent therein to commit a felony, and did assault Dorothy Albanez a person lawfully therein." G. L. (Ter. Ed.) c. 266, § 14.   The Commonwealth specified in a bill of particulars that the felony which it is alleged in the second indictment the defendant intended to commit was larceny.

There was evidence that about 1 A.M. on December 20, 1952, Dorothy Albanez, a married woman with two children, was asleep in her bed in a bedroom on the first floor of a duplex house at 59 Walker Street, Cambridge.   She was awakened by feeling a hand on her throat and saw a man bending over her with his right arm raised as though to strike her.   She brushed the hand from her throat, grabbed the arm descending to strike her, and screamed.   The man turned away and she followed him.   He ran out of the bedroom, through the dining room into the hall, and down Walker Street.   Louise Black, a tenant on the top floor, was awakened by the sound of the front door opening and thought it was Mrs. Albanez's husband coming in.   She heard a scream and going down stairs found Mrs. Albanez in the front hall in a hysterical condition.   The front doors were open.   When the police came Mrs. Albanez noticed the lock on the front door was damaged.   The house had been secured and locked and the front door was locked.   The defendant lived with his parents, brother, and sisters on

Middlesex Street, Cambridge.  He was arrested on January 15, 1953, and identified by Mrs. Albanez as the man she saw in her bedroom on December 20, 1952.  When confronted by her at police headquarters he said, "I was not there"; "I'm a thief but no raper."

At the conclusion of the evidence the defendant requested rulings that as to count 2 of indictment numbered 42954 "there must be a finding of not guilty" and "the evidence is not sufficient to warrant a finding of guilty."  To the judge's refusal so to rule the defendant excepted.  A finding of not guilty was entered on indictment numbered 42953, and a finding of guilty on count 2 of indictment numbered 42954. Sentence was imposed.

Before sentence the defendant moved for a new trial "I. Because the verdict is contrary to the evidence.  II. Because the evidence is insufficient in law to sustain the verdict.  III. Because the verdict is against the weight of evidence.  IV. Because the whole evidence was too slight and too inconclusive to warrant a conviction.  V. Because the verdict is against the law.  VI. Because the verdict, if allowed to stand will work a miscarriage of justice.  VII. Because the prosecuting attorney's argument to the court was fallacious and prejudicial, containing improper insinuations and assertions calculated to mislead the court. VIII.  Because the verdict rendered was inconsistent with other findings of fact made by the court in said trial, namely, the verdict of not guilty as to the defendant on indictment No. 42953.  IX. Because justice has not been done the defendant.  X. For any other cause for which by law a new trial may be granted."  At the hearing on this motion the defendant requested the following rulings:  "I. The finding of guilty of the assault on Dorothy Albanez as set out in this indictment and not guilty of assault on Dorothy Albanez as set out in indictment #42953, both verdicts being based upon the same evidence at the same trial, is contradictory and inconsistent and the verdict on this indictment should be set aside.  II. The verdict of guilty is so violently contrary to the evidence, as matter of law, the court is required, in

the exercise of its discretion, to set the verdict aside and grant a new trial." The requests for rulings and the motion were denied subject to the defendant's exceptions.

Later there was a second motion for a new trial on the ground of newly discovered evidence, accompanied by affidavits. At the hearing on the motion a request was made that the evidence, if believed, required the granting of a new trial. The motion and the requested ruling were denied and the defendant excepted.

An examination of the substitute bill of exceptions discloses sufficient evidence to warrant findings of all the factual elements necessary to the offence set forth in G. L. (Ter. Ed.) c. 266, § 14. It could be found that Mrs. Albanez was dwelling on the first floor of 59 Walker Street, that the premises were secured and locked (*Commonwealth* v. *Stephenson*, 8 Pick. 354; *Commonwealth* v. *Strupney*, 105 Mass. 588), and that the defendant broke and entered those premises in the nighttime. *Commonwealth* v. *Domanski*, 332 Mass. 66, 76–77. The Commonwealth was required to prove the specific intent with which the break was committed. See *Commonwealth* v. *Merrill*, 14 Gray, 415, 417; *Commonwealth* v. *Carter*, 306 Mass. 141, 149. A finding of intent usually is based upon what reasonably is to be inferred from conduct. When a person, by the use of force, enters a dwelling house in the middle of the night it may ordinarily be presumed, in the absence of evidence to the contrary, that his intent is to steal. See *Commonwealth* v. *Shedd*, 140 Mass. 451, 453. The defendant, however, contends that in view of the assault on Mrs. Albanez after the entry the finding of such intent in the present cases was unwarranted. It was said in *Commonwealth* v. *Carter*, *supra*, at page 149, "In many cases, as in the familiar instance of a charge of breaking and entering with intent to steal, proof of the actual commission of the larceny is decisive proof of the intent with which the entry was made. The overt act leaves no room for doubt as to the felonious purpose with which the previous criminal act was perpetrated." This language is not to be taken to

mean that proof of any act, subsequent to entry, is proof of a specific intent at the time of entry to perpetrate that particular act but means only that in the case of breaking and entering evidence of a theft makes certain the intent which otherwise would naturally be inferred. The judge could find that the assault was not premeditated but was suddenly determined upon when the defendant unexpectedly discovered the woman in the circumstances described. He was not required to conclude that the defendant entered the house with intent to make an assault but was warranted in finding that his intent at that time was to steal.

There is no merit in the defendant's contention that the Commonwealth did not prove that the defendant intended a larceny which amounted to a felony. Larceny in a building is a felony, G. L. (Ter. Ed.) c. 266, § 20, *Wax* v. *McGrath,* 255 Mass. 340, 342; and the evidence warranted a finding that the intent was, as alleged in the indictment, to commit larceny in the dwelling house. See *Commonwealth* v. *Hartnett,* 3 Gray, 450; *Commonwealth* v. *Nott,* 135 Mass. 269, 272; *McDermott* v. *W. T. Grant Co.* 313 Mass. 736, 737.

There was no error in denying the first motion for a new trial and the requested rulings presented at the hearing. As we have stated the evidence warranted a finding of guilty. The weight of the evidence and the justice of the finding were for the judge to determine. There is nothing in the record relating to the argument of the district attorney of which the defendant complains in paragraph VII. The finding of guilty on count 2 of the second indictment was not in our opinion inconsistent, as alleged in paragraph VIII, with the finding of not guilty on the first indictment. Doubtless the finding of not guilty of the aggravated assault if entered by a court having jurisdiction of the offence would preclude a subsequent prosecution of an indictment for the simple assault. See *Commonwealth* v. *Mahoney,* 331 Mass. 510. But we are not here concerned with any question of prior jeopardy. There had been no previous determination of the defendant's guilt or innocence in regard to any part of either offence. The indictments charged the commission

of two distinct and separate offences. *Commonwealth* v. *Crecorian*, 264 Mass. 94, 96. They were tried together and by simultaneous findings the judge indicated of what offence the defendant is guilty and of what offence not guilty. There is no reason for a new trial.

There was no error in denying the second motion for a new trial and in refusing to rule as requested. See *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 32–33. The judge was not required to find that the evidence submitted on affidavit was newly discovered and was not available at the time of the trial.

*Exceptions overruled.*