116 So.2d 385

**Wilfred DUFRESNE**

v.

**STATE.**

**3 Div. 42.**

Court of Appeals of Alabama.

Sept. 15, 1959.

Rehearing Denied Oct. 27, 1959.

Dean & Kaufman, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Jos. D. Phelps, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of burglary in the nighttime, with intent to indecently molest a minor.

The evidence for the state tended to show that Mrs. Virginia Wallace, of 3714 Farwood Drive, Montgomery, worked as a night nurse at Pineview Manor Hospital. During her working hours her two children were left at home alone. Before leaving for work on the night of July 17, 1958, she locked the house except for one window in the dining room on which the lock was broken. The children were asleep when Mrs. Wallace left the house, ten year old Carolyn in her mother's bed, and twelve year old Albert in his bedroom.

At approximately 4:00 a. m., Carolyn was awakened by a man carrying her in his arms out of her mother's room. She began screaming and the man, having gotten to the door with her, turned around, put her back in bed and told her to go to sleep. By this time Albert had been awakened by the screams and had come into the bedroom, turned on the light and saw the man bend-

ing over his sister. Defendant was living at his sister's house next door to the Wallace's and both children testified he was the man in the room.

Investigation by police officers early next morning disclosed a screen pulled loose from its bracket on a window at the back of the house. The house appeared to have been entered through this window.

Evidence was presented by an employee of the United States Government, assigned to the Weather Bureau at Dannelly Field that sunrise was at 4:50 o'clock a. m., on July 18, 1958. On cross-examination he testified light before sunrise is called civil twilight, and at that time of the year civil twilight lasted twenty-eight minutes.

Carolyn testified it was dark when she was awakened. The children stated they telephoned their mother at five minutes to four, to report the incident. Mrs. Wallace testified she received the children's call at four o'clock.

In his purported statement in writing, made to the officers the next morning, defendant said he had been on a drinking spree in Montgomery night spots and had no recollection of having entered the Wallace house.

Mrs. Wallace testified defendant's sister came to her house on the 22nd or 23rd of September, 1958, and told her defendant wanted to talk to her. She went to the sister's house, and in the conversation defendant admitted having been in her house at the time in question, but did not remember how he got there and said he was not at all clear as to what he did while there; that he was "pretty well lit", and he wanted to use the phone to call a girl in Birmingham.

As a witness in his own behalf, defendant testified he was 39 years old and had been employed as a draftsman in Montgomery since May, 1958. On the night of July 11, 1958, he went to the Wallace house between eleven and twelve o'clock and used the telephone; that on the night of

July 17–18, 1958, he started drinking beer at home and continued his drinking in various night spots; that he did not remember driving home. The only clear picture he had about being in a house was seeing a light go on behind him, hearing voices, seeing a doorway and tripping over something; that it is possible he was in the Wallace house, but if he was there, it was to use the telephone.

The evidence presented questions for the jury's determination and was sufficient, if believed by them to the requisite degree, to sustain the verdict. There was no error in the refusal of the requested general affirmative charge.

■ During Mrs. Wallace's testimony concerning her conversation with defendant in September, after proper predicate as to voluntariness was laid, the following occurred:

"Q. What did he have to say about this occurrence? A. Well, he said he had talked the situation over with his lawyers and they suggested he approach me as to dropping the charges. And that he went on to explain about some previous charges, I believe, in Massachusetts, that he was a victim of circumstances, and explained the whole situation to me—

"Mr. Dean: We object to that, Your Honor and ask that it be stricken as a conclusion of the witness.

"The Court: Yes.

"By Mr. Stewart:

"Q. Don't tell about anything that might have happened to him in Massachusetts.

"The Court: Any reference to any other state, that is out.

"Mr. Dean: Your Honor, we are going to move for a mistrial at this time, getting anything before the Court like this.

"The Court: Overrule your motion. Anything that happened in any other state is out, but the other is in."

Counsel for appellant urges that there was reversible error in the court's refusal to grant a mistrial because of the statement concerning former charges against defendant. We cannot agree. Any error in the introduction of this evidence was cured by the court's ruling withdrawing the evidence from the jury. Sims v. State, 253 Ala. 666, 46 So.2d 564; Pope v. State, 39 Ala.App. 42, 96 So.2d 441, certiorari denied 266 Ala. 699, 96 So.2d 447.

For defendant, Mr. Neal Huttlo of Elba, Alabama, testified Mr. Dufresne came to work at the trailer plant in Elba in March, 1955, and rented a house from witness situated on the same lot as the house Mr. Huttlo lived in. This question was asked the witness:

"Q. Let me ask you this: Did he have a telephone in his room, did you have one in your area; was there any occasion on which he used your phone?"

■ The court properly sustained the solicitor's objection to the question. Proof of defendant's use of another person's telephone while living in Elba was not admissible as tending to show his intent at the time of the alleged breaking and entering of the Wallace home.

■ The defendant offered proof of his good character by witnesses who knew him in Elba, Alabama, in 1955, and 1956. On cross-examination the solicitor was permitted to inquire of the witnesses whether they had heard defendant was convicted of contributing to the delinquency of a minor in Massachusetts in 1950.

Defense counsel insists evidence of defendant's prior conviction was irrelevant because of remoteness in time and place.

■ Where a defendant places his character in issue, the scope and the extent of the cross-examination of his character wit-,

**480**

nesses is largely within the trial court's discretion, and conviction will not be reversed because of such cross-examination unless a clear abuse of discretion is shown. We are of opinion no abuse of discretion is made to appear in this instance.

Defendant's requested charges 13, 14 and 15 were properly refused. They are not hypothesized on the jury's belief as from the evidence, and are abstract under the evidence presented.

The judgment of the lower court is ordered affirmed.

Affirmed.