122 So.2d 537

Charles E. BEHEL

v.

STATE.

8 Div. 703.

Court of Appeals of Alabama.

Aug. 16, 1960.

Raymond Murphy, Florence, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Behel has been convicted of second degree burglary of the beauty parlor of Wilmoth [Mrs. Almon] Goodwin in Florence. Code 1940, T. 14, § 86. He was sentenced to one year and a day in prison.

The front room of the building was furnished with mirrors, six hairdryers, at least one shampooing bowl and a cash register.

Mrs. Goodwin had locked up at closing time Friday, June 19, 1959. When she saw the place the next day, the left front window glass was smashed but she missed no goods or money.

About midnight June 19–20 two policemen had found Behel face down on the floor between two counters in a storeroom behind the salon proper. He spoke to each by name.

One of the defense witnesses told of seeing Behel beat on the window, kick the door, and then throw a Coca Cola bottle through the window. Whereupon, Behel went in through the broken window.

The defense was that Behel was too drunk to form the specific intent to steal. Several witnesses related how he had begun drinking at an early hour of the evening and had kept it up until he finally went, in their company, to a cafe across the street from Mrs. Goodwin's beauty parlor.

The trial judge in his oral charge fairly and adequately covered the effect of drunkenness on the capacity to form the requisite intent. See Brown v. State, 39 Ala. App. 149, 96 So.2d 197.

The defense neither moved to exclude the evidence nor for the affirmative charge. However, after verdict and judgment, Behel filed a motion for n w trial which was submitted on the evidence adduced before the jury.

Here, the applicable elements of second degree burglary are: (1) breaking, (2) entering (3) with intent to steal or to commit a felony. The evidence, without contradiction, shows the first two ingredients.

■ The jury may reasonably infer intent to steal from the mere presence of the accused in the shop in circumstances showing a breaking and entering in the night. 12 C.J.S. Burglary § 55; 9 Am.Jur., Burglary, § 26; 2 Wharton's Crim.Law & Proc., § 408; Settle v. State, 26 Ala.App. 287, 158 So. 775; Dufresne v. State, ante, p. 476, 116 So.2d 385; Ex parte Seyfried, 74 Idaho 467, 264 P.2d 685; State v. Johnson, 77 Idaho 1, 287 P.2d 425, 51 A.L.R.2d 1386; Commonwealth v. Ronchetti, 333 Mass. 78, 128 N.E.2d 334; Washington v. United States, 105 U.S.App.D.C. 58, 263 F.2d 742.

■ At first glance, such a presumption seems to do away with the need to prove intent. However, since intent is a prescribed element, the prescription permits the accused to offer an explanation of his presence such as might be completely exculpatory, e. g., putting out a fire; or conduct which, as Behel claims here of his roistering, might amount to some minor offense but which does not constitute burglary.

■■ Because intent is an indispensable part of the crime, the defendant also is entitled, upon written request, to have the trial judge charge the jury that the State must prove intent (to steal or commit a felony) beyond a reasonable doubt. Code 1940, T. 7, § 273; Crane v. State, 111 Ala. 45, 20 So. 590 (re: refused charge 2); Lester v. State, Ala., 121 So.2d 110 (burden of proof never shifts). The so-called need for the defendant's explaining his presence (in the circumstances posited) is merely a statement of (a) the fact of his presence being sufficient to let the case go to the jury, and (b) a warning that the risk of non-persuasion hangs over his head.

Accordingly, there was no error in the trial court's overruling the motion for new trial as to that aspect which was grounded upon a claim that the evidence for the de-

fendant greatly outweighed the state's proof. In Fuller v. State, 269 Ala. 312, 113 So.2d 153, 172, we find Livingston, C. J., saying:

"* * * The jury and the trial court, in overruling appellant's motion for a new trial based on appellant's Proposition 5 [verdict contrary to the preponderance of the evidence], were better positioned than we to determine that question. The trial court's action in overruling the motion for a new trial based on this ground carries great weight in this Court, and he will not be reversed unless his ruling was plainly and palpably wrong. We are not convinced that his ruling in this regard is so unjust as to work a reversal. Cobb v. Malone, 92 Ala. 630, 9 So. 738 [and other cases] * * *"

■ The appellant complains that several of the State's witnesses took the stand with large files of papers kept in their laps, and that each of these witnesses leafed through the papers during his testimony "but did not refer to them or read from them." The record fails to show that the defendant requested the court that the papers be laid aside or removed from the view of the jury. Cf. Benefield v. State, 267 Ala. 78, 100 So.2d 340.

■ Moreover this matter was called to the court's attention by Behel's motion for new trial; and, hence, here, in the absence of any additional evidence of prejudice, we are confronted with the presumption against any prejudicial effect.

One of the officers testified that Behel fell off a chair in the beauty parlor striking his head. Behel adduced some evidence that he had been injured at sometime near or about his arrest; that his eyes were blackened; and that he had been kicked by one of the officers.

■■ The trial judge pointed out that this, even if credited, was a matter extraneous to the issue of Behel's guilt. With this we agree: there is no evidence as to

a confession being drawn from Behel by the alleged beating. There is no universal rule to deprive society of the fruits of a criminal's arrest because of a constabulary blunder.

Altogether we have reviewed the entire record as required by statute, and consider there is no error in it to the probable prejudice of any substantial right of the defendant.

The judgment below is

Affirmed.