256 So.2d 197

James Elbert WHEELER, Jr.

v.

STATE.

4 Div. 68.

Court of Criminal Appeals of Alabama.

Dec. 21, 1971.

458

John A. Taber, Greenville, for appellant.

William J. Baxley, Atty. Gen., Richard F. Calhoun, Asst. Atty. Gen., for the State.

PER CURIAM.

This appeal is from a conviction for rape in the Circuit Court of Crenshaw

County, with punishment fixed at thirty-five years imprisonment.

The appellant was indigent and was represented by attorneys in the proceedings in the court below by appointment of the circuit court and on appeal by attorneys by appointment from this court.

At arraignment a plea of not guilty and not guilty by reason of insanity was entered. Afterward on July 7, 1969, preliminary to the trial a "Petition for Lunacy Hearing" was filed, apparently under Title 15, § 428, Code 1940, as recompiled. The petition was heard before the court and denied on July 21, 1970. The appellant argues for error in this action of the court.

█ §§ 425, 426 and 428, Title 15, Code of Alabama, 1940, as recompiled, provide somewhat related methods by which the trial court may have an investigation made into the sanity of a defendant, before trial. But the rule is clear that the court is under no duty to resort to these methods, but simply has the right to seek their aid for advisory purposes when, in its discretion, it would be helpful. Howard v. State, 278 Ala. 361, 178 So.2d 520; Campbell v. State, 257 Ala. 322, 58 So.2d 623; Aaron v. State, 271 Ala. 70, 122 So.2d 360; Lokos v. State, 278 Ala. 586, 179 So.2d 714. Seibold v. State, 287 Ala. 549, 253 So.2d 302 (Advance Sheet).

█ However, the discretion of the trial court is not unbridled but these provisions for investigation into a defendant's sanity are addressed to the sound discretion of the court and will be reviewed on appeal for abuse. Pace v. State, 284 Ala. 585, 226 So.2d 645.

█ We have carefully read the testimony offered on the hearing of the petition and in our opinion it is not sufficient to warrant a reversal of this case under the above-cited authorities, as no abuse of discretion appears.

The testimony offered by the appellant was that of Dr. Paul Aker Stabler, a medical doctor, who had not examined appellant, but had before him the military medi-

cal record of appellant from the United States Government upon which he based his testimony. That record showed among other things an injury to appellant's head from an automobile accident, with a possibility of a tumor of the brain and a finding of epilepsy, although apparently not severe. This condition is controlled by drugs. The report also showed several traits of appellant unfavorable to him under his petition. The doctor did not attempt to give an opinion as to the sanity or insanity of petitioner or whether he should be given psychiatric examination to determine this question.

In an eloquent argument in brief counsel for appellant complains that the indigency of appellant prevented him from employing specialists for psychiatric examination and private practitioners to represent him. The broad provisions for relief under such circumstances provided in the federal statutes and Rules of Procedure are referred to, § 3006A(e(18), U.S.C.—Rule 28, Federal Rules and § 4244 U.S.C., but we have no such practice other than the Alabama Code sections heretofore set out.

In Lokos v. State, 278 Ala. 586, 179 So. 2d 714, the court stated, "However we may have individually acted at nisi prius in view of the fact that the appellant had previously been confined in a mental institution and is a nonresident, who was not only without funds but without family or friends in this state to assist him in securing witnesses in support of his plea of insanity, we cannot under our previous decisions hold that the trial court's action in overruling the motion for appointment of three experts in the field of mental disorders works a reversal of the judgment below."

█ Therefore the evidence, if any, which might have been discovered and produced had the appellant had the means to do so, cannot be considered by this court because we are confined to the record before us.

We believe the requirements of Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.

**460**

Ed.2d 815, as interpreted by the Supreme Court of Alabama in Seibold v. State, supra, were met.

■ The second part of the argument in appellant's brief is directed to alleged errors of the trial court in the admission of evidence. The insistence made is that although no single ruling of the court would constitute reversible error, the cumulative effect of the different rulings pointed out constituted prejudicial error sufficient to cause a reversal.

Several photographs of portions of the Chrysler automobile, in which the appellant and two main state's witnesses were riding, were introduced into evidence. These photographs did tend to shed light on the issues in the case. One of the photographs showed the watch in the trunk. The main ground of objection by appellant was that it was not shown that the car was in the same condition when the photographs were made as on the night of the occurrence of the rape. These objections were not good under the testimony of the state offered preliminary to the admission of that photograph.

There was testimony offered by the state that the car was in the same condition as when found on Saturday night, the time of the crime. There was further testimony that the photographs truly and accurately depicted the condition of the car.

There was no error in the admission of the watch found in the car, because the car was not appellant's.

No error appears in the admission of any other evidence objected to by the appellant.

The court gave seven written charges at the request of the appellant and refused eleven. None of the charges were numbered or designated by letter.

Two of the refused charges were affirmative in nature and were properly refused.

The remaining refused charges were either covered by the very adequate oral charge of the court or by those written charges given.

After a careful review of the record we think the appellant's rights were carefully guarded by the trial court and that there is no error to reverse.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.