265 So.2d 913

Howard Lewis EASON

v.

STATE.

8 Div. 268.

Court of Criminal Appeals of Alabama.

Aug. 15, 1972.

No brief for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment charged burglary in the second degree. The jury found the appellant guilty, and judgment set sentence at forty-two months imprisonment as punishment.

The State's first witness was William A. Hornbuckle who identified himself as sales manager and accountant for Fred Sington, Inc., located at 404 Governors Drive, Huntsville, Alabama. Mr. Hornbuckle stated that on March 28, 1971, he closed and locked the store at approximately 6:00 p. m. He stated that he examined all doors and that they were closed and locked in accordance with customary closing practices. He described the rear of the store as opening onto a parking area, and that this was a roller type overhead door made of plywood in sections. He also described a burglar alarm system which is connected directly to Huntsville Police Headquarters. He further stated that the lights were left on inside the building. He further stated that on opening the business early Monday morning, he found that one panel, which was approximately fifteen inches by twenty-six inches, in the roller type door had been knocked out, and that this panel was approximately six inches from the bottom of the door; that this doorway opens down to a loading ramp. He stated that the store in question was located in a general business district, but that there was a housing project, occupied primarily by black people, approximately three blocks away.

The State next presented testimony of Huntsville Police Officer J. R. Nayman, who testified that at approximately 7:30 p. m. on the evening of March 28, 1971, he received a radio call to come to the Fred Sington sporting goods store located at 404 Governors Drive, Huntsville, Alabama. He stated that as he approached the front entrance of the store the lights were on and he saw a colored man inside the store wearing a red or maroon short sleeve sweater and white levi type pants. He

stated that the man was five feet ten inches and appeared to be in his late thirty's. He motioned for him to come to the front of the store, but the party ran to the rear of the building. He then radioed for his fellow officer to come around to the rear of the building. The officer, J. R. Nayman, identified the appellant as being the party he recognized inside the store. He stated that Officer Hatcher brought the appellant to the general vicinity of the store approximately twenty or twenty-five minutes later after apprehending him. Officer Nayman stated that he did not go inside the store at the time of making the investigation.

The State next presented the testimony of Officer Ralph Edward Hatcher, who stated that on the evening of March 28, 1971, he received a radio message that a colored male suspect wearing a short sleeve maroon sweater and white levi pants was wanted in connection with the investigation of an alleged burglary of the Fred Sington sporting goods store. Officer Hatcher stated that he observed the appellant a few minutes before 8:00 in the evening of March 28, 1971, crossing the Council School area toward the Council Court area on Pelham Street, walking rapidly, and that he stopped him as he was out of breath and appeared to have a lot of perspiration on his face. He then told him to get in his patrol car, and he called Officer Nayman to come over, and upon arrival Officer Nayman identified the appellant as being the party inside Fred Sington's store, and he was placed under arrest at that time.

The State next presented the testimony of Officer Walter Berry, who testified that he had gone to Fred Sington's store in Huntsville, Alabama, on the evening of March 28, 1971, arriving there at 7:38 p. m. He stated that as he approached the store, Officer Nayman advised that there was a subject inside the building and advised him to proceed to the rear, which he did. He stated that as he approached the rear door he saw a hole in it approximate-

ly twelve inches by two feet, and he observed the appellant come out the back door and run across the parking lot. He stated that he attempted to chase him on foot, and that he was wearing a maroon short sleeve sweater and white levi pants and appeared to be about five feet ten inches tall and weighed about 190 pounds. He stated that he radioed this description over the police dispatch and a few minutes later Police Officer Hatcher radioed that he had apprehended the suspect, and that he went there and recognized the man as being the one he saw leave Fred Sington's store. Officer Berry further stated that he observed the hole in the door to the rear of the building and that it appeared to have been "kicked out."

Appellant, at the close of the State's evidence, moved to exclude on the basis that the elements of burglary in the second degree had not been proven, and further moved for the affirmative charge.

Appellant then presented the testimony of Police Detective Jack Gold, who testified that he investigated the breaking of the door in the Fred Sington's store, and that no fingerprints had been taken at the store, and so far as he could determine nothing was missing.

I

The applicable elements of second degree burglary are: (1) breaking, (2) entering, (3) with intent to steal or to commit a felony. The evidence, without contradiction, shows the first two ingredients. Behel v. State, 40 Ala.App. 689, 122 So.2d 537. From *Behel*, this Court per Cates, J., stated:

"The jury may reasonably infer intent to steal from the mere presence of the accused in the shop in circumstances showing a breaking and entering in the night. 12 C.J.S. Burglary § 55; 9 Am.Jur., Burglary, § 26; 2 Wharton's Crim.Law & Proc., § 408; Settle v. State, 26 Ala. App. 287, 158 So. 775; Dufresne v.

State, 40 Ala.App. 476, 116 So.2d 385; Ex parte Seyfried, 74 Idaho 467, 264 P.2d 685; State v. Johnson, 77 Idaho 1, 287 P.2d 425, 51 A.L.R.2d 1386; Commonwealth v. Ronchetti, 333 Mass. 78, 128 N.E.2d 334; Washington v. United States, 105 U.S.App.D.C. 58, 263 F.2d 742.

"At first glance, such a presumption seems to do away with the need to prove intent. However, since intent is a prescribed element, the prescription permits the accused to offer an explanation of his presence such as might be completely exculpatory, e. g., putting out a fire; or conduct which, as Behel claims here of his roistering, might amount to some minor offense but which does not constitute burglary.

"Because intent is an indispensable part of the crime, the defendant also is entitled, upon written request, to have the trial judge charge the jury that the State must prove intent (to steal or commit a felony) beyond a reasonable doubt. Code 1940, T. 7, § 273; Crane v. State, 111 Ala. 45, 20 So. 590 (re: refused charge 2); Lester v. State, 270 Ala. 631, 121 So.2d 110 (burden of proof never shifts). The so-called need for the defendant's explaining his presence (in the circumstances posited) is merely a statement of (a) the fact of his presence being sufficient to let the case go to the jury, and (b) a warning that the risk of non-persuasion hangs over his head."

## II

Appellant further argues that no theft was committed. In a prosecution culminating in a conviction of burglary in the second degree, the question of whether or not the appellant had entered the store with intent to steal is a jury question from a consideration of all the evidence. Waid v. State, 39 Ala.App. 255, 97 So.2d 598. Further, it is not necessary that a theft be committed. Wicks v. State, 44 Ala. 398; Waid v. State, supra.

We have carefully examined this record as we are required to do and finding no error therein, the judgment is due to be and the same is hereby affirmed.

Affirmed.

All the Judges concur.