291 So.2d 371

**Tommy Frank HARE**

v.

**STATE.**

**6 Div. 495.**

Court of Criminal Appeals of Alabama.

March 5, 1974.

´ J. Wilson Dinsmore, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Jr., Asst. Atty. Gen., for the State, appellee.

TYSON, Judge.

The Grand Jury of Jefferson County, Alabama, charged the appellant with burglary of Davidson's Pharmacy. The appellant, following arrest, was first committed to the Federal Center for drug addiction at Lexington, Kentucky, and subsequently was placed by his family at Hillcrest, then on motion of his family was admitted to Bryce Hospital where he was discharged, the Bryce diagnosis being that the appellant was dependent on drugs, Opium, and that he was competent, no psychotic symptoms.

The appellant was arraigned in open court with his court appointed counsel on October 11, 1972, and the cause set for trial on December 11, 1972, with the appellant being granted the right to enter special pleas.

The trial commenced on December 14, 1972, and the Jury found the appellant guilty of burglary in the second degree. The trial court adjudged the appellant guilty in accordance with the verdict and sentenced him to ten years imprisonment.

Dr. Orman Cornell Davidson testified that he was sole owner of Davidson's Pharmacy, located at 2004 Cahaba Road in Jefferson County, Alabama. He stated that on the night of May 13, 1968, he locked his store shortly before 8:00, that he was called back to the store around 11:00 that evening, and that the door had been pried open; that on entering the prescription department he found approximately $1500.00 worth of drugs and hard narcotics lying in disarray on the floor. He stated that he had seen the appellant previously in his store.

Two Mountain Brook Police Officers, B. L. Patterson, and Sergeant S. O. Byers, testified that they had gone by Davidson's Pharmacy the earlier part of the evening and saw that the store was locked. Later

that evening they went back to the store, shortly before 11:00, and noticed a door open. They shined a light inside and observed the appellant inside the store, where he was placed under arrest. The appellant's shoes had been removed and were inside the store, as were a jacket and some assorted tools which were behind the counter. In the middle of the floor, an assorted group of drugs were found. Among the tools was a crowbar.

The appellant's motion to exclude the State's evidence was overruled.

I

After the Jury had been selected, just prior to trial, the following motion was made:

"MR. DINSMORE: Your Honor, at this time we would like to make a motion for the determination of the sanity of this defendant and for the Court to have a private psychiatrist examine him.

"THE COURT: Well, we have some letters available that were written in the last two years on the defendant. Without any further evidence on it I don't think I would be justified in ordering a sanity hearing on it. I deny the motion.

"MR. DINSMORE: We except."

■ We have carefully examined this record in the light of the contention raised by appellant's counsel, that the trial court should have, under Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, granted his motion for a psychiatric examination, and cites the denial of this as error.

In Wheeler v. State, 47 Ala.App. 457, 256 So.2d 197, we find the following:

"[1] §§ 425, 426 and 428, Title 15, Code of Alabama, 1940, as recompiled, provide somewhat related methods by which the trial court may have an investigation made into the sanity of a defendant, before trial. But the rule is clear that the court is under no duty to resort to these methods, but simply has the right to seek their aid for advisory purposes when, in its discretion, it would be helpful. Howard v. State, 278 Ala. 361, 178 So.2d 520; Campbell v. State, 257 Ala. 322, 58 So.2d 623; Aaron v. State, 271 Ala. 70, 122 So.2d 360; Lokos v. State, 278 Ala. 586, 179 So.2d 714. Seibold v. State, 287 Ala. 549, 253 So.2d 302."

The evidence in this cause indicates that the appellant was first sent to Lexington, Kentucky, under Federal Court order for treatment at the narcotic addiction center there following his release on bond in 1968. He remained there some two or three weeks, then left. Subsequently, at the request of his family, he was interviewed at the Jefferson County Jail, on one occasion, by Dr. B. L. Blankenship, a psychiatrist, and according to the evidence in the record, based on this interview, his personality was deemed to be a sociopathic or extremely anti-social type, and that it was desirable that he be treated at an appropriate state hospital. The appellant was subsequently twice sent to Bryce Hospital at Tuscaloosa, and according to the report placed in evidence in this cause, he was diagnosed as "drug dependent, Opium," that he was competent, that no psychotic symptoms were seen. The appellant apparently left Bryce and was subsequently recommitted, and thereafter again left Bryce, and was not arrested and placed in jail until August 14, 1972.

Based upon examination of this record, we are clear to the conclusion that the trial court properly declined to direct that the appellant be sent to Bryce again for psychiatric examination. The evidence in this cause indicates that appellant's problem is drug addiction rather than mental illness. Duncan v. State, 46 Ala.App. 732, 248 So.2d 771; Wheeler v. State, 47 Ala.App. 457, 256 So.2d 197; Lamberth v. State, 48 Ala. App. 134, 262 So.2d 622.

II

■ At the close of the State's evidence, the appellant moved to exclude same.

**282**

In Eason v. State, 48 Ala.App. 471, 265 So.2d 913, we find:

"The applicable elements of second degree burglary are: (1) breaking, (2) entering, (3) with intent to steal or to commit a felony. The evidence, without contradiction, shows the first two ingredients. Behel v. State, 40 Ala.App. 689, 122 So.2d 537. From *Behel,* this Court per Cates, J., stated: " 'The jury may reasonably infer intent to steal from the mere presence of the accused in the shop in circumstances showing a breaking and entering in the night. . . . ' " [Cases cited.]

It is clear that the trial court properly denied appellant's motion.

### III

At the close of the trial court's oral charge, the appellant announced, "We are satisfied, Your Honor."

We have carefully examined this record, as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein. The judgment is therefore due to be and the same is hereby

Affirmed.

All the Judges concur.