TYSON, Judge.
Ralph Eugene Rhodes, alias, and Daniel Jeffrey Fabris, alias, were indicted for the second degree burglary of a building known as Katz Auto Parts and Service, the property of Sidney B. Katz. The jury found the appellant guilty as charged, and the trial court set sentence at six years imprisonment.
Ronald H. Keisland testified he was manager of Katz Auto Parts and Service Company, located at 1801 Montgomery Highway, being the corner of Montezuma Avenue and the Montgomery Highway in the City of Dothan, Alabama, on March 7-8, 1977. The business was the property of Sidney B. Katz. Keisland indicated that on the evening of March 7, 1977, just before leaving, he checked the windows and doors to be sure they were secured. He testified that he was called by Dothan police at 3:00 the following morning to come to the building. Upon arrival he saw Ralph Eugene Rhodes and Daniel Jeffrey Fabris seated in a police vehicle with two Dothan officers. Officer Nathan Stanton then asked Keis-land to go into the building with him. They immediately noticed the cash register was open and all the loose change had been removed. Keisland indicated that the usual procedure was to remove the cash folding money and leave the day’s change in the register when they closed at night. He testified that between $5.00 and $6.00 had been left in the register the evening before. They also noticed a three foot long concrete reinforcement bar lying on top of Mrs. Katz’ desk. In examining a window in the mechanical section of the repair shop, they noticed it was broken and the top section was swung open. He further testified that *403 a powdery substance, clay-like, had been placed upon the floor to soak up oil, and there were footprints in this substance. Keisland also testified that a man by the name of James Gwaltney lived a short distance from the shop on Montezuma Avenue.
James Gwaltney testified that he lived at 1001 Montezuma Avenue in the City of Dothan, Alabama, on the night of March 7-8, 1977. He was awakened by barking dogs between 2:00 and 3:00 in the morning. He looked out his bedroom window from which he could see the back of Katz Muffler Shop. He observed the figures of two persons, but was unable to identify them as male or female, white or black, but said they did have long hair. Gwaltney related that the two figures went across Montezuma Avenue and stood beside a building now occupied by Datsun Motor Company. He watched the figures and saw them go back behind the Katz building. He then heard breaking glass and ' notified the police. Gwaltney saw the police drive up and he walked out and notified one officer, who was seated in the police car, that two people had gone behind the Katz building.
Dothan Police Officer Nathan Stanton testified that he was on duty the night of March 7-8, 1977, and received a dispatch to investigate Katz Auto Parts at 2:48 a. m. Accompanied by Lt. Art Havard, he went to the vicinity of this business. Upon their arrival Lt. Havard went to the south side of the building and he remained seated in the car. He stated that Mr. Gwaltney came out to the car and told him about seeing two people going to the rear of the building. Stanton then got out of the car, walked in that direction, and observed two white males, Ralph Eugene Rhodes and Daniel Jeffrey Fabris, whom he directed to stop and approach the patrol car. Stanton then called for a backup unit which arrived in a few moments.
Sergeant Robinson arrived. He and Lt. Havard came to his patrol car. At this time Stanton advised each suspect of his “Miranda rights,” and without any threats, intimidation, or coercion, the two men were asked by Robinson as to why they were in the area. Each man was then patted down and his pockets searched. Stanton testified that from the pockets of the appellant, Rhodes, he removed a pair of pliers, an ice pick, a pair of nail clippers, an assortment of keys, a motorcycle key for a Yamaha, and $3.42 in change (R. p. 25).
At trial, Stanton then identified an envelope which had been sealed and in his possession since the arrest and from which he identified the above items.
After the two men were placed in the “paddy wagon,” Stanton then accompanied the manager, Mr. Ron Keisland, into the main building. In going into the office he noticed the cash register had been cleaned out and the drawer was standing wide open. Because of some heavy dust on the floor he noticed some footprints. A comparison was made of the shoes of both Rhodes and Fabris with the tracks left on the floor of the building. Fabris was wearing tennis shoes, and the cross section of the soles matched the tracks on the floor of the building.
Additionally, a window on the south end of the building was broken open.
Dothan Police Officer Gary Lee Robinson testified that he received a dispatch to come to Katz Auto Parts on the corner of the Montgomery Highway and Montezuma Avenue, Dothan, Alabama, in the early hours of March 8, 1977. After he arrived he was told that Ralph Eugene Rhodes and Daniel Jeffrey Fabris had been stopped by Dothan Police Officer Stanton. Sergeant Robinson related that he was present when Officer Stanton read each man his “Miranda rights” from a card, and without any threat, coercion, or inducement, or other intimidation, Officer Stanton searched each man in his presence. Robinson stated that he asked the two men in effect if they were the type men who would go inside a building, and each man shook his head “in a negative response” to the question.
Robinson indicated he went inside the building and noticed the material which had been placed on the floor where oil had been spilled. He observed several sets of tracks and stated the tracks clearly matched those *404 on the tennis shoes worn by Fabris. He was unable to compare the tracks with the soles on the shoes worn by Rhodes.
The appellant moved to exclude the evidence, which was overruled.
Daniel Jeffrey Fabris testified that on the night of March 7-8, 1977, between 1:00 and 2:00 a. m., he entered the Katz Auto Parts store, could not find anything, and had come outside the building when he remembered he had left something inside. Fabris indicated he went back inside the building to get a crowbar and heard the police coming. He then saw “Shorty Rhodes” walking up the road, and as the two of them walked around the corner they encountered the Dothan police. Fabris admitted pleading guilty and receiving a three year sentence for his part in this matter.
Ralph Eugene Rhodes testified that on the night of March 7-8, 1977, his automobile had broken down and he was walking down Montezuma Avenue toward the Hobby Center when he encountered Danny Fa-bris. He stated they were walking down the street together when the Dothan police stopped them.
On cross-examination, Rhodes denied that an ice pick had been taken from his pocket, but admitted ownership of a pair of pliers (State’s Exhibit 2) and a pair of nail clippers. He also stated that he had some change in his pockets which his parents had given him earlier that evening. Rhodes related that his car had broken down near Napier Field and he was walking toward the Hobby Shop when he ran into Fabris just before being stopped by the Dothan police. Rhodes denied ownership of an ice pick, or going into the Katz Auto Parts and taking money from the cash register.
At the close of the evidence, the appellant requested the affirmative charge and the affirmative charge with hypothesis, both of which were refused by the trial judge.
I
The appellant contends the State failed to prove a prima facie case of burglary-
In Eason v. State, 48 Ala.App. 471, 265 So.2d 913, we find:
“The applicable elements of second degree burglary are: (1) breaking, (2) entering, (3) with intent to steal or to commit a felony. The evidence, without contradiction, shows the first two ingredients. Behel v. State, 40 Ala.App. 689, 122 So.2d 537. From Behel, this Court per Cates, J., stated: ‘The jury may reasonably infer intent to steal from the mere presence of the accused in the shop in circumstances showing a breaking and entering in the night. . . .[Cases cited]
It is clear under the evidence presented that the trial court properly denied appellant’s motion to exclude and refused his two written requested charges. Hare v. State, 52 Ala.App. 279, 291 So.2d 371; Eason, supra.
II
The appellant contends that Officer Stanton lacked probable cause; hence, the search of the person of Rhodes was improper, and the evidence seized was an illegal search and seizure.
Judge DeCarlo has very recently thoroughly reviewed this in an opinion known as Herrin v. State, Ala.Cr.App., 349 So.2d 103, cert. denied, Ala., 349 So.2d 110.
Under the evidence presented, Officer Stanton had probable cause to stop the appellant and his companion and to pat them down and search their person. This was proper police procedure. Herrin, supra; and Dunaway v. State, 50 Ala.App. 200, 278 So.2d 200, cert. denied 291 Ala. 93, 278 So.2d 205.
The appellant’s contention in this respect is without merit.
We have carefully examined this record and find same to be free from error. The judgment is therefore
AFFIRMED.
All the Judges concur.