SAM W. TAYLOR, Judge.
Harold Luther Woodall was found guilty of third degree burglary of the Girard Elementary School in Dothan, Alabama. § 13A-7-7, Code of Alabama, 1975.
He was sentenced to twenty years’ imprisonment, applying the Habitual Offender Act.
I
First, the appellant contends the trial judge erred in denying the appellant’s motion to exclude the State’s evidence contending that there was, as a matter of law, insufficient evidence of intent to commit a crime.
The first witness, Linda Davis, the school janitor, testified that she had left the windows and doors secured on the last day of *527 work before December 14,1981. When she came to work on December 14, 1981, she found a broken window in the kitchen area of the school lunchroom and food items scattered on the floor. Upon going into the sickroom of the office of the school, she found a man, identified as the appellant, asleep on the bed.
Evelyn Miller, the lunchroom manager, corroborated the testimony of the janitor and stated that her desk drawer was cracked open. Jackie O’Mary, a first grade teacher, testified that $2.75 in quarters was missing from her desk drawer. Police officer A.D. Carr testified that he arrested the defendant after waking him, searched him and found “a lot of silver” in quarters and dimes.
Upon the basis of this evidence, we find that there was sufficient evidence to go to the jury on the element of intent to commit a crime. Appellant’s argument is not supported by the record. This court went further in Behel v. State, 40 Ala.App. 689, 122 So.2d 537 (1960), saying, “The jury may reasonably infer intent to steal from the mere presence of the accused in the shop in circumstances showing a breaking and entering in the night.”
II
The appellant contends that the trial court erred in denying a motion for a mental examination. Trial was had on March 17,1982, on a plea of not guilty. Appellant did not plead not guilty by reason of mental disease or defect. At sentencing, the defendant admitted in colloquy to at least three prior burglary felonies, one being a 1977 burglary of this same school. On April 14, 1982, a motion for new trial was filed. Thereafter, on April 29, 1982, a motion for mental examination was filed. Attached to the motion for new trial was a letter from a psychiatrist and a record from a Veteran’s Administration hospital in Birmingham. Both referred to an auto accident in 1975 in which appellant suffered fractures of facial bones and skull and contusions of the brain and kidney. A V.A. hospital received him to observe “third nerve partial paralysis”, but decided against “3rd nerve palsy corrective surgery” and discharged him.
Did the trial court abuse its discretion in refusing to grant the post-trial motion for mental examination? We hold that it did not. The procedure established in Code of Alabama, 1975, § 15-16-21, is a device or tool to be used by the trial judge, at his discretion, to aid him in determining whether a defendant is competent to stand trial. Hocutt v. State, 344 So.2d 194 (Ala.Cr.App.1977). The question of the defendant’s present mental competency may be raised before or during trial. If there is “sufficient doubt” of mental competency to stand trial, then as a matter of constitutional due process, the court must conduct a separate hearing on that issue. Pierce v. State, 292 Ala. 745, 293 So.2d 489, vacated 57 Ala.App. 633, 330 So.2d 615 (1974); Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).
However, in this case the trial judge, in determining that there was not sufficient doubt, did not err or abuse his discretion. Thomas v. State, 357 So.2d 1015 (Ala.Crim.App.1978).
Ill
Counsel filed a motion for mistrial upon the “newly discovered evidence” that the defendant had suffered a head injury in an automobile accident seven years before. The trial court properly denied the motion.
“It is fundamental that the accused cannot withhold evidence at trial, and upon conviction seek a second chance before another jury by then producing that evidence. Evidence is not newly discovered where the accused knew of it but did not mention it to his counsel.” Stample v. State, 352 So.2d 33 (Ala.Cr.App.1977).
AFFIRMED.
All the Judges concur.