This appeal is from a denial of a petition for writ of error coram nobis seeking to overturn appellant's 1978 conviction of burglary in the first degree and a forty-year sentence in the penitentiary. A full-blown hearing was had and much testimony was taken. Appellant's major contention is that he was denied adequate and effective assistance of counsel.
His original conviction was affirmed by this court on October 30, 1979, Behel v. State, Ala.Cr.App., 390 So.2d 662, certiorari denied, Ala., 390 So.2d 671.
Appellant contends that his retained counsel impeded his presence at trial when *Page 52 
the verdict of the jury was announced in open court. This identical issue was raised on the original appeal and was decided adversely to appellant's contention. In disposing of this issue this court stated:
 "In Berness v. State, 263 Ala. 641, 83 So.2d 613, the Supreme Court of Alabama, when considering the method of which an appellant's clear and unequivocal right to be present at every stage of his trial may be waived, said:
 "`We are of the opinion that a criminal defendant in a non-capital felony case may waive his continuous presence at the trial. But that this waiver must be of an affirmative and positive nature and made by him personally, as for example when he voluntarily absents himself from the courtroom during the conduct of his trial. Our holding that such conduct constitutes an affirmative and voluntary waiver of the constitutional right, personal to the defendant, is consistent with the holding in McNutt v. State, 25 Ala. App. 129, 142 So.2d 773.'"
In Behel, supra, this court went on to hold that appellant voluntarily absented himself from the courtroom and waived his right to be present in court when the verdict was returned. At the hearing on the motion for a new trial, appellant was offered the opportunity to explain his absence from the courtroom during his trial and he told the trial judge: "The reason that I didn't, it was embarrassing to me to sit here and these people, that prosecutor telling this jury what I was supposed to have done when I didn't do it. And that is the reason that I did not come back."
At the coram nobis hearing appellant testified and presented testimony from his father and sister in an attempt to show that trial counsel impeded his attendance at the trial. However, there was no direct proof that trial counsel instructed appellant to stay away from the trial. Trial counsel testified that he did not in any manner, directly or indirectly, advise appellant to absent himself from the trial. On the contrary he wanted appellant present to testify in the case at the risk of being impeached because of a previous felony conviction. On the last day of the trial appellant was not in court and trial counsel asked his family where he could be located and they stated they did not know his whereabouts.
On the issue of ineffective assistance of counsel Honorable Lavern Tate, the District Attorney, testified as to Mr. Holt's ability as a trial lawyer, saying, "Well, I would say that there is probably not anybody better than he is; there may be some as good, but none any better than he is in this particular area and in my field of the attorneys that I practice against."
Mr. Robert Walker testified that he had been practicing law about fifteen years and had represented the Behel family for a number of years. He recommended Mr. Holt to the Behels to represent appellant because of his reputation as being one of the most prominent criminal attorneys in Alabama.
Mr. Holt was very aggressive in defense of appellant. That he is a very competent, able, diligent, and resourceful lawyer cannot be successfully gainsaid. While it is true that he did not make a closing argument for the defense this can be regarded as a judgment call and a matter of trial strategy. Much must be left to the discretion of trial counsel in making decisions in the trial of cases.
Trial counsel testified at great length as to his activities in preparing appellant's case for trial. He interviewed a number of witnesses in an attempt to establish a credible defense. He did not know until the morning of the trial that appellant claimed he had an alibi witness and all efforts to locate such a witness proved fruitless. Associate counsel stated that appellant received the most effective representation available and that the single most important reason the case was lost was due to appellant's failure to tell his attorneys about his alibi witness until the beginning of the trial. Mr. Walker stated that very seldom did an attorney waive closing argument but there are cases in which it is a very fine and smart trial tactic to do so. *Page 53 
Mr. Holt made a motion for a continuance when he learned that appellant was not in court the morning the jury returned the guilty verdict, but the court stated appellant was already an hour late and denied the motion.
When the state rested its case Mr. Holt made a motion to exclude the state's evidence on the ground the state failed to make out a prima facie case. This motion was overruled. A motion for a new trial was filed and denied. Notice of appeal was given and oral argument requested. Mr. Holt filed a brief on appeal which exceeded sixty pages in length and the case was argued orally before the Alabama Court of Criminal Appeals. After the case was affirmed by this court, and an application for rehearing was overruled, a petition for writ of certiorari was filed in the Supreme Court of Alabama. This petition was subsequently denied.
A petition for a writ of error coram nobis is not intended to relieve a party of his own negligence. Lewis v. State, Ala.Cr.App., 367 So.2d 542, writ denied, Ala., 367 So.2d 547.
The duty of counsel, whether retained or appointed, is to prevent the trial from being or appearing to be a farce or mockery of justice and appellant has a heavy duty to carry the burden of proof to show that he was denied adequate and effective assistance of counsel. Harris v. State, Ala.Cr.App.,367 So.2d 524, writ denied, Ala., 367 So.2d 534.
In Seibert v. State, Ala., 343 So.2d 788, the Supreme Court held that the burden is on the petitioner to submit clear, full and satisfactory evidence of his assertions for relief.
The fact that appellant was convicted does not prove that counsel lacked zeal or competence, particularly when counsel has been retained rather than appointed. Summers v. State, Ala.Cr.App., 366 So.2d 336, writ denied, Ala., 366 So.2d 346.
An adequate defense in the context of a constitutional right to counsel does not mean that counsel will not commit what may later turn out to be tactical errors. Summers v. State, supra.
Even if Mr. Holt's failure to make a closing argument is ultimately viewed as a mistake unfavorable to his client, that alone is not sufficient to demonstrate inadequate representation. Robinson v. State, Ala.Cr.App., 361 So.2d 1172.
Coram nobis proceedings are civil in nature and the burden of proof is on appellant to show that he was entitled to relief. On the record before us we hold that appellant failed to carry the burden cast by law upon him.
The judgment of the court below in denying the writ is affirmed.
AFFIRMED.
All the Judges concur.