Denial of petition for writ of error coram nobis.
Appellant's conviction of first degree murder was affirmed by this court in Bass v. State, 55 Ala. App. 88, 313 So.2d 208
(1975). Appellant's assertion that he was denied effective assistance of counsel in that case forms the basis for the present appeal.
Contrary to appellant's contention, this jurisdiction has not directly or indirectly adopted any standard of review for examining allegations of incompetency of counsel other than that which we have previously utilized. The standard remains that appellant must show that the conduct of the attorney reduced the trial to a farce, sham, or mockery of justice.Behel v. State, Ala.Cr.App., 405 So.2d 51 (1981); Bridges v.State, Ala.Cr.App., 391 So.2d 1086 (1980); Goodman v. State, Ala.Cr.App., 387 So.2d 862, cert. denied, Ala., 387 So.2d 864
(1980); Lewis v. State, Ala.Cr.App., 367 So.2d 542 (1978), cert. denied, Ala., 367 So.2d 547 (1979). This court is not bound by the decisions of the Fifth Circuit Court of Appeals.Harris v. State, Ala.Cr.App., *Page 584 367 So.2d 524, cert. denied, Ala., 367 So.2d 534 (1978).
The function of a writ of error coram nobis under Alabama law is to bring to the attention of the trial court an error of fact, which had it been known, would have prevented the judgment challenged. In effect, the writ serves as a motion for a new trial on the ground of newly discovered evidence. Vaughnv. State, Ala.Cr.App., 395 So.2d 95 (1979); Seibert v. State, Ala., 343 So.2d 788 (1977); Lewis, supra; Summers v. State, Ala.Cr.App., 366 So.2d 336 (1978), cert. denied, Ala.,366 So.2d 346 (1979).
 "In a coram nobis proceeding, the petitioner bears the burden of submitting clear, full and satisfactory proof of facts which, had they been timely submitted at trial, would have prevented judgment. . . . The degree of proof is `highly exacting as to facts' and must convince the trial judge of the truth of the allegations in the petition. . . ." Bibby v. State, Ala.Cr.App., 394 So.2d 73, 75 (1980), cert. denied, Ala. 394 So.2d 76 (1981).
See also, Seibert, supra; Corley v. State, Ala.Cr.App.,397 So.2d 223, cert. denied, Ala., 397 So.2d 225 (1981); Lewis, supra; Summers, supra.
Challenges based on the ineffective assistance of counsel constitute grounds for a petition for error coram nobis despite earlier indications to the contrary. Counsel is presumed adequate and the fact that the petitioner was convicted does not establish incompetency or lack of zeal, especially when counsel had been retained rather than appointed. Summers, at page 341. See also Echols v. State, 276 Ala. 489, 164 So.2d 486
(1964); Willis v. State, 42 Ala. App. 85, 152 So.2d 883 (1963).
The writ of error coram nobis does not serve the purpose of an appeal. Nor does it serve as a second review of those issues previously raised or not initially raised on appeal. Adams v.State, 281 Ala. 432, 203 So.2d 448 (1967); Butler v. State,279 Ala. 311, 184 So.2d 823 (1966); Thigpen v. State, Ala.Cr.App.,374 So.2d 401, cert. denied, Ala. 374 So.2d 406 (1979);Summers, supra; Groce v. State, 48 Ala. App. 709, 267 So.2d 499
(1972).
Appellant's first assertion, that his trial counsel failed to investigate his case by not interviewing State's witnesses to discover their criminal backgrounds or deals with the State, is not supported by the evidence. At the outset, we note that had such information been learned prior to trial, it could only have been used to impeach the credibility of the witnesses and not as substantive evidence of appellant's innocence. Nevertheless, James Davis, one of the State's witnesses, admitted on examination that he had a criminal case pending against him.
Appellant's trial counsel testified that he interviewed two other witnesses, James Merritt and Joe Ferguson. He read the statements all three witnesses made to the police prior to the time for the preliminary hearing and stated that, had there been any deals by the State and the witnesses, which he suspected, he did not think he would have been told of them regardless of his attempts to discover them. Mr. Fred Pickard, the prosecuting attorney in appellant's case, testified that he did not make any deal with any of the above witnesses.
Mr. Charles Purvis, Davis' attorney at the time of appellant's trial, testified that the State "didn't promise me anything (in exchange for Davis' testimony) and I didn't promise James anything." Nevertheless, he felt that for testifying against appellant, Davis was given probation on his pending charges, a usual and common practice, according to Purvis.
An adequate defense in the context of a constitutional right to counsel does not mean that counsel will not commit what may later prove to be tactical errors. The evidence presented by appellant on this ground does not disclose any error in tactics or inadequacy of representation. Summers, supra.
Appellant's counsel testified that he waived appellant's preliminary hearing because he had already learned from the *Page 585 
arresting officers all the evidence that would have been presented at the hearing. He stated that he had already done his own investigative work, and had read the statements of the witnesses but he could not locate the witnesses appellant suggested.
Appellant offered no evidence to rebut his lawyer's testimony other than his statement that he was not consulted prior to the waiver. In fact, an inference exists that his preliminary hearing was waived at arraignment when both he and his counsel were present.
The record reflects that appellant's trial counsel exercised his professional judgment in waiving the preliminary hearing. The attorney apparently concluded that the State had sufficient evidence to establish the commission of the offense and probable cause for charging appellant therewith. While a preliminary hearing is widely used by defense counsel for discovery purposes, which is what appellant contends his trial counsel failed to do by waiving it, that is not its primary purpose. Daniels v. State, Ala.Cr.App., 335 So.2d 412 (1976); §15-11-9, Code of Alabama 1975. There is no general constitutional right to discovery by an accused in a criminal case. Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837,51 L.Ed.2d 30 (1977).
Appellant's next argument, that his counsel's incompetence was demonstrated by his failure to file any pretrial motions, especially a motion to suppress the in-court identification of an eyewitness to the shooting, is not supported by the record.
Initially, we note that there is no rule stating that trial counsel's failure to file pretrial motions constitutes per se
inadequacy of representation. The failure to act must cause the trial to be reduced to a farce, sham, or mockery of justice. See generally Pace v. State, Ala.Cr.App., 369 So.2d 1281
(1979).
No testimony was offered at appellant's hearing to substantiate his claim. We have reviewed the original transcript of the witness's testimony and we find that the supposed eyewitness admitted that he did not, in fact, see the actual shooting, although he was present at the scene and had the opportunity to observe the appellant. He was shown a photographic array two days after the murder and picked out appellant's picture at that time. It thus appears that the witness had an independent basis for his identification of appellant. Pace, supra.
Appellant next asserts that, by not meeting with him to prepare for his trial, and especially by not meeting with him during the overnight recess in his trial, his counsel inadequately represented him.
As to the former allegation, appellant testified that he met with his lawyer about three times prior to trial. His lawyer, however, testified that they met about six times. The obvious conflict in the evidence was a matter properly decided by the trial court. Harris v. State, Ala.Cr.App., 367 So.2d 524, cert. denied, Ala. 367 So.2d 534 (1978).
On his latter contention, appellant cites Geders v. UnitedStates, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), for the proposition that counsel's failure to meet with him during the recess constituted inadequate representation.
In Geders, the federal district court ordered the defendant's counsel not to contact the defendant during an overnight recess. The Supreme Court held that the order violated Geders' Sixth Amendment right to effective assistance of counsel.Geders does not stand for the proposition that counsel isrequired to confer with his client during a recess, but for the principle that the right exists if the accused and his counsel so desire.
Appellant does not indicate in what manner he was prejudiced. The record does not disclose any prejudice; if anything, it supports the opposite conclusion. Thus, we find no inadequacy demonstrated. See Taylor v. Alabama, 335 U.S. 252,68 S.Ct. 1415, 92 L.Ed. 1935 (1948); Thomas v. State, 274 Ala. 531,150 So.2d 387 (1963); Brown v. State, Ala.Cr.App., 373 So.2d 1232
(1979). *Page 586 
Appellant contends that his attorney announced ready for trial when in fact he was unprepared. At appellant's hearing, the only testimony offered on this ground was by the attorney, who stated that, although he was "surprised" when appellant's case was called for trial because it was so far down on the docket, "we had been talking about this for almost a year and it wasn't something that we didn't fully understand what was going to happen."
We find appellant's proof of incompetency on this ground insufficient to sustain the allegation. Harris, supra.
Appellant claims that trial counsel did not advise him of the consequences of his testifying. Appellant testified that near the end of his trial, his lawyer whispered a question to him whether he wanted to testify, and he replied affirmatively. About five minutes later, he was called to testify. Appellant stated that counsel did not tell him what questions he was going to ask on direct, or inform him of what to expect on cross-examination. He stated that the attorney never discussed with him the advantages and disadvantages of testifying in his own behalf. Counsel was not cross-examined at the hearing by appellant concerning this matter.
A close review of appellant's trial testimony indicates that his lawyer questioned him in a manner that attempted to refute the State's evidence. On both direct and cross-examination, appellant denied being at the store on the night of the fatal shooting. An attempt by the State to impeach appellant concerning his refusal to make a statement to the police failed as he continually proclaimed his innocence.
Once again we find insufficient support in the record to uphold appellant's contention and reverse the trial court's ruling denying his petition. The record is conspiciously lacking any glimmer of prejudice to appellant. Scrutiny of all the circumstances reveals no lack of adequate representation in this regard.
Appellant also asserts that his trial counsel elicited the most damaging evidence against him during the cross-examination of Davis. Our review of the record, however, indicates that the State was the first to bring out the testimony, and we find no support for appellant's contention.
Next, appellant maintains that, in failing to cross-examine Davis, Merritt, and Ferguson about their deals with the State, counsel provided inadequate representation to him.
Initially, we note that no deals were made by the State with any of the above witnesses. With that fact, appellant's argument loses most of its vigor. In addition, then-assistant district attorney Fred Pickard testified that he remembered the witnesses' testimony as not being overly favorable to the State. Our review of the trial record confirms his assessment.
Appellant's attorney made the same assessment as Pickard. It would appear to have been a part of his trial stategy not to cross-examine the witnesses extensively on their interest, especially in light of their mediocre performance for the State.
The evidence presented on this contention clearly shows that appellant's counsel used sound professional judgment in not questioning the witnesses about their presumed bias against appellant and their interest in testifying. Tactical considerations often become paramount in a trial. Matters of trial strategy should be left to the judgment of trial counsel in the absence of a clear showing of inadequate representation.Bridges, supra; Goodman, supra; Summers, supra.
Appellant also argues that his lawyer's failure to object to that portion of his cross-examination in which he was being questioned about his refusal to make a statement to the police, and to the State's closing argument on the same subject, constituted incompetent representation.
The trial record reveals that appellant testified that he did not refuse to make a statement to the police but that he "didn't have any reason to. . . ." He testified that the police did not ask him whether he wanted to make a statement, but why he had *Page 587 
killed someone, to which appellant answered that he had not killed anyone. He stated that the police said he did not want to cooperate which he answered by saying that he could not cooperate when he did not know who he was supposed to have killed. Appellant unequivocally stated that he did not refuse to make a statement.
An objection by his lawyer to this questioning would have been of little consequence since appellant answered all the questions in the negative and without prejudice to his case.
Appellant urges this court to retroactively apply Houston v.State, Ala.Cr.App., 354 So.2d 825 (1977), cert. denied, Ala.,354 So.2d 829 (1978), in which we held that the State may not use an accused's post-arrest, post-Miranda silence as evidence of his substantive guilt or for impeachment purposes. Houston
did not deal with the issue of whether counsel's failure to object to the State's use of the accused's post-arrest, post-Miranda silence at trial constituted ineffective assistance of counsel. To make such an application would remove the holding of Houston from the context in which it was made.
The State's closing argument regarding appellant's supposed refusal to make a statement is not preserved for the record. Consequently, this court is unable to determine whether the claimed lack of an objection was injurious.
Based upon the foregoing, we find no incompetency of counsel in this regard.
Appellant's last contention centers upon his attorney's failure to contact him after his trial to inform him of the outcome of his appeal.
Appellant testified that after his trial he never again talked to, communicated with, or received a communication from his lawyer. He stated that he was never made aware of this court's action on appeal.
Appellant's counsel testified that after appellant's conviction, "he [appellant] went on to the penitentiary, I never saw him again after that, and I don't remember if I contacted him or not for sure. I would assume my secretary would have written him a letter, but I don't know for a fact if we did."
The attorney stated that he did not practice law from September, 1975 to May, 1980, and he had misplaced his trial file several years ago. Thus, he could not accurately document his efforts, if any, to communicate with appellant.
A review of the record does not establish the degree of proof required to sustain appellant's contention. Harris, supra.
In Trammell v. State, 276 Ala. 689, 166 So.2d 417 (1964), the Supreme Court stated:
 "Trial counsel must make many decisions of an almost infinite variety in the course of a criminal trial whether to seek a change of venue; whether to object; whether to offer a witness of probable doubtful credibility or with a criminal record; whether to advise the defendant to take the stand and subject himself to cross examination; how to argue the case to the jury; whether the jury be polled. All these and more are practical questions and very real ones. Bad judgment, or even good but erroneous judgment, may result in adverse effects. They are simple facts of trial; they are not justiciable issues in a proceeding of this kind."
Even though it can be definitely shown that trial counsel has made a mistake unfavorable to his client, that alone is insufficient to establish inadequacy of representation. Lewis
supra.
As we stated in McKinnis v. State, Ala.Cr.App.,392 So.2d 1266 (1980), cert. denied, Ala., 392 So.2d 1270 (1981):
 "`[T]he inadequacy of counsel is not established by his failure to claim every possible legal advantage for his client. While counsel is expected to contest every step of the case, he may make concessions warranted by the facts. Counsel is not obligated to advance points or arguments that are specious or frivolous, or to submit evidence which he believes is inadmissible or immaterial; nor is he called on to manufacture evidence. *Page 588 
 "`Counsel for accused is vested with broad latitude in the conduct of the defense and he is not to be adjudged incompetent and his client deemed denied effective assistance of counsel by reason of the commission of what, in retrospect, appear to be errors of judgment. Mere errors, omissions, or mistakes by counsel do not establish a lack of effective representation by counsel. Trial strategy, even though unsuccessful, is an inadequate basis for an attack on the competency of counsel, and this rule has been applied where counsel refrained from cross examination or from calling certain witnesses, or where counsel decided that accused should not take the stand.' 23 C.J.S. Criminal Law, § 982 (8) (1961).
 "We have examined every potential infringement of the defendant's right to effective counsel with the most exacting scrutiny. Zuck v. State of Alabama, 588 F.2d 436 (5th Cir. 1979). The defendant's own statements in the record reveal that either his arguments and contentions are totally without merit or that the complained of failures and inactions on the part of his trial attorney do not amount to ineffective assistance of counsel. No doubt, after the jury returned the guilty verdict, the defendant was greatly dissatisfied with trial counsel. However, this is a far cry from a denial of the constitutional right to the effective assistance of counsel." [Footnote omitted]
The order of the Circuit Court in denying appellant's petition for writ of error coram nobis is hereby affirmed.
AFFIRMED.
HARRIS, P.J., and TYSON, J., concur.
BOWEN, J., concurs in result.